# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SOUTHERN COLLISION &
RESTORATION, LLC,

    Plaintiff,

v.                                                  Case No: 6:14-cv-6005-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

On March 10, 2015, Magistrate Judge Smith issued a Report and Recommendation (Doc. 30), recommending that the Defendants' Motion to Dismiss (Docs. 19) be granted and that the Complaint (Doc. 1) be dismissed.  The Plaintiff filed an objection (Doc. 31) to the Report and Recommendation, to which the Defendants responded (Docs. 33).   By its objection, the Plaintiff contests only the recommended dismissal of its claim for an alleged violation of the Louisiana Unfair Trade Practices Act and Consumer Protection Law (henceforth, "LUTPA"), its unjust enrichment claim, and its claim for tortious interference with business relations.

Magistrate Judge Smith concluded that the LUTPA claim was barred by La. Rev. Stat. §51:1406(1), which provides that LUTPA does not apply to "actions or transactions that are subject to the jurisdiction of … the insurance commissioner" of Louisiana.   (Doc. 30 at 8).   That jurisdiction extends to "any trade practice which is defined in [the Insurance Code] to be an unfair method of competition or an unfair or deceptive act or practice…."   La. Rev. Stat. §22:1963. Among the acts or practices defined by the Louisiana Insurance Code as unfair or deceptive are "[u]nfair claims settlement practices" such as "[n]ot attempting in good faith to effectuate prompt,

fair, and equitable settlements of claims in which liability has become reasonably clear" and "[a]ttempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled…." La Rev. Stat. §22:1964(14)(f), (h).

The Plaintiff argues, in essence, that the Insurance Commissioner regulates the relationship between the insurance company and its insured, not the relationship between the insurance company and a third-party vendor, such as an auto repair shop. (Doc. 31 at 7-9). As such, the Plaintiff says, the Insurance Commissioner would not have the authority to review the actions described in the Complaint, and LUTPA would apply. However, the Plaintiff provides no case law supporting this interpretation. As the Defendants point out, Louisiana courts have repeatedly held that the exemption for insurance companies from LUTPA is broad. *See, e.g.*, *Ctr. for Restorative Breast Surgery, L.L.C. v. Humana Health Benefit Plan of La., Inc.*, No. Civ. A 10-4346, 2014 WL 1276503, at *7 (E.D. La. Mar. 27, 2014) ("an unfair trade practice involving insurance is within the jurisdiction of the commissioner of insurance and thus outside the scope of the LUTPA"). And the practices complained of by the Plaintiff are the methods by which the Defendants pay claims, making those practices a part of the "business of insurance" even though they involve a party other than the insurer and the insured.[1]

As for the unjust enrichment claim, the Magistrate Judge found this claim to be without merit because the Plaintiff had alleged that it had entered into a contract – referred to as a "DRP" – with the Defendants. More particularly, Magistrate Judge Smith found that, although the Complaint did not contain an express allegation that the Plaintiff had entered such contracts, this

---

[1] The Plaintiffs also seek to rely on case law construing "the business of insurance" under the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, which the Court finds to be inapposite.

was the "only plausible inference" that could be drawn from the following passage from the Complaint:

> Defendant State Farm also imposes restrictions on the Plaintiff's ability to obtain and utilize quality replacement parts and materials. As part of its DRP agreement, State Farm asserts it has the unilateral authority to enter into separate agreements with manufacturers, distributors or suppliers of automotive parts, supplies or materials.

(Doc. 1 at 12).[2]  The Plaintiff argues that this passage could also be interpreted as asserting that State Farm entered into DRPs with competing body shops, which compelled the competitors to use lesser quality parts and materials, thereby "pressuring the Plaintiff to act similarly in an effort to stay competitive with DRP shops."  (Doc. 31 at 11).  The Court agrees with Magistrate Judge Smith's interpretation.  The quoted passage states that State Farm imposes "restrictions" on the Plaintiff, not mere "pressure," which implies that the Plaintiff is a party to a DRP, rather than competing with shops that are parties to DRPs.  Moreover, this claim is precluded for the same reasons expressed by this Court in the companion MDL cases from Florida (Case No. 6:14-cv-310), Mississippi (Case No. 6:14-cv-6000), and Indiana (Case No. 6:14-cv-6001).

As for the tortious interference claim, Magistrate Judge Smith concluded that the generalized nature of the Plaintiff's contentions does not satisfy the applicable pleading standard, which requires facts showing that the Defendants prevented identifiable third parties from entering into a business relationship with the Plaintiff.  (Doc. 30 at 15-16). The Plaintiff contends that this is an impractical pleading standard because it seeks to compel the Plaintiff to produce information "which is peculiarly within the possession and control of the Defendants."  (Doc. 31 at 13).  But there is nothing in the Complaint that explains why the Defendants, but not the Plaintiff, would

---

[2] The Defendants in this case are State Farm Mutual Automobile Insurance Company, State Farm Fire & Casualty Company, and State Farm General Insurance Company.  (Doc. 1 at 1).

have this information.   Surely the Plaintiff must have some basis to believe that certain Defendants interfered with certain of its customers.   A general allegation that some unidentified Defendants – or all Defendants – interfered with some unidentified customers does not satisfy the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Accordingly, it is hereby

**ORDERED** that

1.    Plaintiff's objection is **OVERRULED** and the Report and Recommendation of Magistrate Judge Smith is **CONFIRMED AND ADOPTED**; and

2.    The Motion to Dismiss (Doc. 19) is **GRANTED** as set forth above; and

3.    The Complaint (Doc. 1) is **DISMISSED**.   Count I (violation of LUTPA) and Count IV (quasi estoppel) are **DISMISSED WITH PREJUDICE.**   The remaining counts are **DISMISSED WITHOUT PREJUDICE**; and

4.    The Plaintiffs may file an amended pleading not more than 21 days after the date of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 27, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party