# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801
www.flmd.uscourts.gov

Sheryl L. Loesch
Clerk                                                                                    Orlando Division Manager


**DATE:**        April 27, 2016

**TO:**          Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

**SOUTHERN COLLISION & RESTORATION, LLC and SOUTHERN COLLISION & RESTORATION, LLC,**

            **Plaintiffs,**

**v.**                                                                **Case No:  6:14-cv-6005-Orl-31TBS**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM FIRE & CASUALTY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, GEICO CASUALTY CO., GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY INSURANCE COMPANY, GOVERNMENT EMPLOYEE'S INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD CASUALTY INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, 21ST CENTENNIAL INSURANCE COMPANY, 21ST CENTURY NORTH AMERICA INSURANCE COMPANY, AMERICA FIRST INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, THE HANOVER INSURANCE COMPANY, THE HANOVER AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, PROGRESSIVE PALOVERDE INSURANCE COMPANY, PROGRESSIVE SECURITY INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF OREGON,**

**SAFECO INSURANCE COMPANY OF AMERICA, SHELTER GENERAL INSURANCE COMPANY, SHELTER MUTUAL INSURANCE COMPANY, UNITED FIRE AND CASUALTY COMPANY, UNITED FIRE AND INDEMNITY COMPANY, USAGENCIES CASUALTY INSURANCE COMPANY, INC., FIREMAN'S FUND INSURANCE CO., ALLSTATE PROPERTY AND CASUALTY COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE  COMPANY, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, SENTRY INSURANCE, TRAVELERS CASUALTY AND SURETY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, THE TRAVELERS INDEMNITY COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY, ENCOMPASS INDEMNITY COMPANY, ENCOMPASS INSURANCE COMPANY OF AMERICA, ENCOMPASS PROPERTY & CASUALTY CO and ESURANCE INSURANCE COMPANY,**

**Defendants.**

_____

**U.S.C.A. Case No.:**

- Honorable Gregory A. Presnell, United States District Judge appealed from.

- Appeal filing fee was paid.

- Copy of Notice of Appeal, docket entries, judgment and/or order appealed from.


SHERYL L. LOESCH, CLERK

By:      s/J.Vickers, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | | |
|---|---|---|
| SOUTHERN COLLISION & | * | MDL Docket No. 2557 |
| RESTORATION, LLC | * | |
| | * | |
| | * | CASE NO.: 6:14-cv-06005-GAP-TBS |
| VERSUS | * | |
| | * | |
| STATE FARM MUTUAL AUTOMOBILE | * | Originally filed in the Eastern District |
| INSURANCE COMPANY, STATE FARM | * | of Louisiana |
| FIRE & CASUALTY COMPANY, and | * | |
| STATE FARM GENERAL INSURANCE | * | |
| COMPANY | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>NOTICE OF INTENT TO APPEAL</u>

NOTICE IS HEREBY GIVEN that Southern Collision & Restoration, LLC, Plaintiff in

the above-named case, appeals to the United States Court of Appeals for the Eleventh Circuit

from the Order and Reasons granting Defendants' Motions to Dismiss [Doc. 37, 41, 42, 45]

entered in this action on March 24, 2016.

Respectfully submitted,

**HUBER, SLACK, THOMAS & MARCELLE**

*s/Brian P. Marcelle*
**STEPHEN M. HUBER, BAR NO. 24463**
**CHARLES M. THOMAS, BAR NO. 31989**
**BRIAN P. MARCELLE, BAR NO. 25156**
1100 Poydras Street
Suite 1405
New Orleans, LA 70163
Stephen@huberslack.com
Charlie@huberslack.com
Bmarcelle@huberslack.com
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/Brian P. Marcelle*

BRIAN P. MARCELLE

INTAPP, MDLMEM

# U.S. District Court
## Middle District of Florida (Orlando)
### CIVIL DOCKET FOR CASE #: 6:14-cv-06005-GAP-TBS

| | |
|---|---|
| Southern Collision & Restoration, LLC v. State Farm Mutual Automobile Insurance Company et al | Date Filed: 09/18/2014 |
| | Jury Demand: Plaintiff |
| Assigned to: Judge Gregory A. Presnell | Nature of Suit: 410 Anti-Trust |
| Referred to: Magistrate Judge Thomas B. Smith | Jurisdiction: Federal Question |
| Lead case: 6:14-md-02557-GAP-TBS | |
| Member case: (View Member Case) | |
| Case in other court: Louisiana Eastern, 2:14-cv-01909 | |
| Cause: 15:0001 Antitrust Litigation | |

**Plaintiff**

| | | |
|---|---|---|
| **Southern Collision & Restoration, LLC** | represented by | **Allison P. Fry** |
| | | John Arthur Eaves, Attorneys at Law |
| | | 101 N. State St. |
| | | Jackson, MS 39206 |
| | | 601/355-7961 |
| | | Fax: 601/355-0530 |
| | | Email: allison@eaveslaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Stephen M. Huber** |
| | | Huber, Slack, Thomas & Marcelle |
| | | Ste 1405 |
| | | 1100 Paydras St. |
| | | New Orleans, LA 70163 |
| | | 504/274-2500 |
| | | Fax: 504/910-0838 |
| | | Email: stephen@huberslack.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Brian P. Marcelle** |
| | | Huber, Slack, Thomas & Marcelle |
| | | Ste 1405 |
| | | 1100 Paydras St. |
| | | New Orleans, LA 70163 |
| | | 504/274-2500 |
| | | Fax: 504/910-0838 |
| | | Email: bmarcelle@huberslack.com |

*ATTORNEY TO BE NOTICED*

**Charles Marshall Thomas**
Huber, Slack, Thomas & Marcelle
Ste 1405
1100 Paydras St.
New Orleans, LA 70163
504/274-2500
Fax: 504/910-0838
Email: charlie@huberslack.com
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Southern Collision & Restoration, LLC**       represented by   **Southern Collision & Restoration, LLC**
                                                                 PRO SE

V.

<u>Defendant</u>

**State Farm Mutual Automobile**               represented by   **Hal Kemp Litchford**
**Insurance Company**                                          Baker, Donelson, Bearman, Caldwell &
                                                               Berkowitz, PC
                                                               Ste 2900
                                                               200 S Orange Ave
                                                               Orlando, FL 32801
                                                               407/422-6600
                                                               Fax: 407/841-0325
                                                               Email: hlitchford@bakerdonelson.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Johanna W. Clark**
                                                               Carlton Fields Jorden Burt, PA
                                                               Ste 500
                                                               450 S. Orange Ave.
                                                               Orlando, FL 32801
                                                               407/849-0300
                                                               Fax: 407/648-9099
                                                               Email: jclark@carltonfields.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Michael L. McCluggage**
                                                               Eimer Stahl LLP
                                                               Suite 1100
                                                               224 S Michigan Avenue

Chicago, IL 60604
312/660-7665
Email: mmccluggage@eimerstahl.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wayne J. Lee**
Stone, Pigman, Walther, Wittmann, LLC
(New Orleans)
546 Carondelet St.
New Orleans, LA 70130-3588
(504) 581-3200
Email: wlee@stonepigman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigayle Clary McDowell Farris**
Stone, Pigman, Walther, Wittmann, LLC
(New Orleans)
546 Carondelet St.
New Orleans, LA 70130-3588
504-581-3200
Email: afarris@stonepigman.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Helmer**
Alston & Bird, LLP
Suite 4200
1201 W Peachtree St
Atlanta, GA 30309-3424
404/881-4724
Fax: 404/881-7777
Email: elizabeth.helmer@alston.com
*ATTORNEY TO BE NOTICED*

**James Dalton Courson**
Stone, Pigman, Walther, Wittmann, LLC
(New Orleans)
546 Carondelet St.
New Orleans, LA 70130-3588
(504) 581-3200
Email: dcourson@stonepigman.com
*ATTORNEY TO BE NOTICED*

**Michael P. Kenny**
Alston & Bird, LLP
Suite 4200

1201 W Peachtree St
Atlanta, GA 30309-3424
404/881-7179
Fax: 404/253-8682
Email: mike.kenny@alston.com
*ATTORNEY TO BE NOTICED*

**Tiffany L. Powers**
Alston & Bird, LLP
Suite 4200
1201 W Peachtree St
Atlanta, GA 30309-3424
404/881-4249
Fax: 404/253-8584
Email: tiffany.powers@alston.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**State Farm Fire & Casualty Company**          represented by   **Hal Kemp Litchford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Johanna W. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L. McCluggage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wayne J. Lee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigayle Clary McDowell Farris**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Helmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Dalton Courson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael P. Kenny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tiffany L. Powers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **State Farm General Insurance Company** | represented by | **Hal Kemp Litchford** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Johanna W. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L. McCluggage**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wayne J. Lee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigayle Clary McDowell Farris**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Helmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Dalton Courson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael P. Kenny**
(See above for address)
*ATTORNEY TO BE NOTICED*

Tiffany L. Powers
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GEICO Casualty Co.**                    represented by   **Dan W. Goldfine**
Lewis Roca Rothgerber Christie, LLP
Ste 1200
201 E Washington St
Phoenix, AZ 85015
602/382-6282
Fax: 602/382-6070
Email: dgoldfine@lrrc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ian Matthew Fischer**
Lewis Roca Rothgerber Christie, LLP
Ste 1200
201 E Washington St
Phoenix, AZ 85015
602/262-5311
Fax: 602/262-5747
Email: ifischer@lrrc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jamie L. Halavais**
Lewis Roca Rothgerber Christie, LLP
Ste 1200
201 E Washington St
Phoenix, AZ 85015
602/262-5767
Fax: 602/262-5747
Email: jhalavais@lrrc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Grabel**
Lewis Roca Rothgerber Christie, LLP
Ste 1200
201 E Washington St
Phoenix, AZ 85015
602/262-5759
Fax: 602/262-5747
Email: jgrabel@lrrc.com

Case 6:14-cv-06005-GAP-TBS   Document 78   Filed 04/27/16   Page 11 of 50 PageID 755

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GEICO General Insurance Company**          represented by   **Dan W. Goldfine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ian Matthew Fischer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jamie L. Halavais**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Grabel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GEICO Indemnity Insurance Company**          represented by   **Dan W. Goldfine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ian Matthew Fischer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jamie L. Halavais**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Grabel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Government Employee's Insurance Company** | represented by | **Dan W. Goldfine**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Ian Matthew Fischer**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jamie L. Halavais**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Joshua Grabel**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Hartford Accident and Indemnity Company** | represented by | **Thomas G. Rohback**<br>Axinn, Veltrop & Harkrider, LLP<br>90 State House Square<br>Hartford, CT 06103<br>860/275-8110<br>Fax: 860/275-8101<br>Email: trohback@axinn.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Hartford Casualty Insurance Company** | represented by | **Thomas G. Rohback**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Hartford Fire Insurance Company** | represented by | **Thomas G. Rohback**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Hartford Insurance Company of the Midwest** | represented by | **Thomas G. Rohback**<br>(See above for address)<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Defendant**

**21st Centennial Insurance Company**         represented by   **David L. Yohai**
Weil, Gotshal & Manges, LLP
767 Fifth Ave
New York, NY 10153
212/310-8275
Email: david.yohai@weil.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Hochstadt**
Weil, Gotshal & Manges, LLP
767 Fifth Ave
New York, NY 10153
212/833-379
Fax: 212-310-8007
Email: eric.hochstadt@weil.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Mastando , III**
Weil, Gotshal & Manges, LLP
767 Fifth Ave
New York, NY 10153
(212)310-8000
Email: john.mastando@weil.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**21st Century North America Insurance**      represented by   **David L. Yohai**
**Company**                                                    (See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Hochstadt**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Mastando , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**America First Insurance Company**          represented by   **Ernest E. Vargo**
Baker & Hostetler, LLP
Ste 3200 PNC Center
1900 E 9th St
Cleveland, OH 44114-3482
216/861-7349
Email: evargo@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Mumford**
Baker & Hostetler, LLP
Ste 3200 PNC Center
1900 E 9th St
Cleveland, OH 44114-3482
216/861-7578
Fax: 216/696-0740
Email: mmumford@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Farmers Insurance Exchange**          represented by   **David L. Yohai**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Hochstadt**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Mastando , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Hanover Insurance Company**       represented by **Marjorie M. Salazar**
Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard
Suite 1447
815 Walker St
Houston, TX 77002
713-222-1990
Fax: 713-222-1996
Email: msalazar@lawla.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth A. Schmeeckle**
Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard
Suite 2775
601 Poydras St
New Orleans, LA 70130
504/568-1990
Fax: 504/310-9195
Email: sschmeeckle@lawla.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Hanover American Insurance**       represented by **Marjorie M. Salazar**
**Company**                              (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth A. Schmeeckle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Liberty Mutual Fire Insurance**       represented by **Ernest E. Vargo**
**Company**                              (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Mumford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Liberty Mutual Insurance Company** | represented by | **Ernest E. Vargo** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Mumford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Louisiana Farm Bureau Casualty Insurance Company** | represented by | **Andrew Lane Plauche , Jr.** |

Plauche Maselli Parkerson LLP
Ste 3800
701 Poydras St.
New Orleans, LA 70139
504/582-1142
Fax: 504/582-1172
Email: aplauche@pmpllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Babin Carville**
Plauche Maselli Parkerson LLP
Ste 3800
701 Poydras St.
New Orleans, LA 70139
504/586-5289
Fax: 504/582-1142
Email: acarville@pmpllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Keith Ordeneaux**
Plauche Maselli Parkerson LLP
Ste 3800
701 Poydras St.
New Orleans, LA 70139
504/586-5272
Fax: 504/582-1172
Email: jordeneaux@pmpllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Nationwide Mutual Insurance Company** | represented by | **David John Barthel** |

Carpenter Lipps & Leland LLP
Ste 1300
280 N High St
Columbus, OH 43215
614/365-4126
Fax: 614/365-9145
Email: barthel@carpenterlipps.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark J. Botti**
Squire Patton Boggs (US) LLP
Suite 300
1200 19th Street NW
Washington, DC 20036-2434
202/626-6292
Fax: 202/626-6780
Email: mark.botti@squirepb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Beekhuizen**
Carpenter Lipps & Leland LLP
Ste 1300
280 N High St
Columbus, OH 43215
614/365-4100
Fax: 614/365-9145
Email: beekhuizen@carpenterlipps.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Carpenter**
Carpenter Lipps & Leland LLP
Ste 1300
280 N High St
Columbus, OH 43215
614/365-4100
Fax: 614/365-9145
Email: carpenter@carpenterlipps.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Progressive Paloverde Insurance Company** | represented by | **Claire Carothers Oates** |

King & Spalding, LLP

1180 Peachtree St NE
Atlanta, GA 30309-3521
404/572-4750
Fax: 404/572-5138
Email: coates@kslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis X. Nolan**
Sutherland, Asbill & Brennan, LLP
1114 Avenue of the Americas Fl 40
New York, NY 10036-7703
212/389-5000
Fax: 212/389-5099
Email: Frank.Nolan@sutherland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Cashdan**
King & Spalding, LLP
1180 Peachtree St NE
Atlanta, GA 30309-3521
404/572-4818
Fax: 404/572-5141
Email: jcashdan@kslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kymberly Kochis**
Sutherland, Asbill & Brennan, LLP
1114 Avenue of the Americas Fl 40
New York, NY 10036-7703
212/389-5000
Fax: 212/389-5099
Email: Kymberly.Kochis@sutherland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael R. Nelson**
Sutherland, Asbill & Brennan, LLP
1114 Avenue of the Americas Fl 40
New York, NY 10036-7703
212/389-5000
Fax: 212/389-5099
Email: Michael.Nelson@sutherland.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Progressive Security Insurance Company**

represented by **Claire Carothers Oates**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis X. Nolan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Cashdan**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kymberly Kochis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael R. Nelson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Safeco Insurance Company of Oregon**

represented by **Ernest E. Vargo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Mumford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Safeco Insurance Company of America**

represented by **Ernest E. Vargo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Michael E. Mumford
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shelter General Insurance Company**    represented by    **Gregg A. Wilkes**
Cook, Yancey, King & Galloway, APLC
P.O. Box 22260
Shreveport, LA 71120
318/227-7723
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Bradley Best**
Holcomb Dunbar Watts Best Masters &
Golmon, PA
Ste A
400 S. Lamar Blvd.
PO Box 707
Oxford, MS 38655-0707
662/234-8775
Fax: 662/238-7552
Email: bradbest@holcombdunbar.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shelter Mutual Insurance Company**    represented by    **Gregg A. Wilkes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Bradley Best**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Fire and Casualty Company**    represented by    **Howard Bruce Kaplan**
Bernard Cassica Elliot & Davis
3838 N. Causeway Ste 3050
Metairie, LA 70002
504/834-2612
Fax: 504/838-9438
Email: hkaplan@bcedlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Fire and Indemnity Company**

**Defendant**

**USAgencies Casualty Insurance Company, Inc.**          represented by          **Anthony J. Rollo**
McGlinchey Stafford, PLLC
301 Main Street, 14th Floor
Baton Rouge, LA 70801
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey R. Seewald**
McGlinchey Stafford, PLLC-Houston
Suite 1500
1001 McKinney
Houston, TX 77002
713/520-1900
Fax: 713/520-1025
Email: jseewald@mcglinchey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Randy R. Dow**
Boyd & Jenerette, PA
4443 Lyons Rd Ste D-209
Coconut Creek, FL 33073
954/956-2521
Fax: 954/252-3806
Email: rdow@boydjen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fireman's Fund Insurance Co.**          represented by          **Richard C. Stanley**
Stanley & Flanagan, L.L.C.
909 Poydras St., Suite 2630
New Orleans, LA 70112
504/523-1580
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Swingle Horn**
Stanley, Reuter, Ross, Thornton & Alford
909 Poydras Street, Suite 2500

New Orleans, LA 70112
504/523-1580
Fax: 504/524-0069
Email: esh@stanleyreuter.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allstate Property and Casualty
Company**

**Defendant**

**Allstate Fire and Casualty Insurance
Company**

**Defendant**

**Allstate Indemnity Company**

**Defendant**

**Allstate Insurance Company**

**Defendant**

**USAA Casualty Insurance Company**     represented by   **Amelia W. Koch**
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
Suite 3600
201 St Charles Ave
New Orleans, LA 70170
504/566-5200
Fax: 504/636-4000
Email: akoch@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Griffith , Jr.**
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
Suite 3600
201 St Charles Ave
New Orleans, LA 70170
504/566-5200
Fax: 504/636-4000
Email: sgriffith@bakerdonelson.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **USAA General Indemnity Company** | represented by | **Amelia W. Koch** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hal Kemp Litchford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Griffith , Jr.**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Sentry Insurance** | represented by | **Edward Keenan Cottrell** |

Smith, Gambrell & Russell, LLP
Suite 2600
50 N Laura Street
Jacksonville, FL 32202
904-598-6132
Fax: 904/598-6232
Email: ecottrell@sgrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Travelers Casualty and Surety Company** | represented by | **Laura E. Besvinick** |

Stroock & Stroock & Lavan, LLP
Suite 3100
200 S Biscayne Blvd
Miami, FL 33131-5323
305-789-9395
Fax: 305-789-9302
Email: lbesvinick@stroock.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Rooney**
Winston & Strawn, LLP
35 W Wacker Dr, Suite 4200
Chicago, IL 60601
312/558-5972
Fax: 312-558-5700
Email: trooney@winston.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman K. Beck**
Winston & Strawn, LLP
35 W Wacker Dr, Suite 4200
Chicago, IL 60601
321/558-7422
Fax: 321/558-5700
Email: nbeck@winston.com
*TERMINATED: 09/29/2015*

**Defendant**

**Travelers Casualty and Surety**              represented by   **Laura E. Besvinick**
**Company of America**                                          (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Timothy J. Rooney**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Norman K. Beck**
                                                                (See above for address)
                                                                *TERMINATED: 09/29/2015*

**Defendant**

**Travelers Casualty Insurance Company**       represented by   **Laura E. Besvinick**
**of America**                                                  (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Timothy J. Rooney**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Norman K. Beck**
                                                                (See above for address)
                                                                *TERMINATED: 09/29/2015*

**Defendant**

**The Travelers Indemnity Company of**         represented by   **Laura E. Besvinick**
**America**                                                     (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

Timothy J. Rooney
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Norman K. Beck
(See above for address)
*TERMINATED: 09/29/2015*

**Defendant**

**The Travelers Indemnity Company of Connecticut**    represented by   **Laura E. Besvinick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Timothy J. Rooney
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Norman K. Beck
(See above for address)
*TERMINATED: 09/29/2015*

**Defendant**

**The Travelers Indemnity Company**    represented by   **Laura E. Besvinick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Timothy J. Rooney
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Norman K. Beck
(See above for address)
*TERMINATED: 09/29/2015*

**Defendant**

**Travelers Property Casualty Company**    represented by   **Laura E. Besvinick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Rooney**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman K. Beck**
(See above for address)
*TERMINATED: 09/29/2015*

**Defendant**

**Encompass Indemnity Company**

**Defendant**

**Encompass Insurance Company of
America**

**Defendant**

**Encompass Property & Casualty Co**

**Defendant**

**Esurance Insurance Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2014 | 1 | COMPLAINT with jury demand against All Defendants (Filing fee $ 400 receipt number 053L-4563922) filed by Southern Collision & Restoration, LLC. (Attachments: # 1 Civil Cover Sheet)Attorney Charles Marshall Thomas added to party Southern Collision & Restoration, LLC (pty:pla).(Thomas, Charles) Modified on 8/22/2014 (gec). [Transferred from laed on 9/18/2014.] (Entered: 08/20/2014) |
| 08/21/2014 | 2 | Initial Case Assignment to Judge Susie Morgan and Magistrate Judge Michael North. (glt) [Transferred from laed on 9/18/2014.] (Entered: 08/21/2014) |
| 08/27/2014 | 3 | Request of Summons Issued as to State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company filed by Southern Collision & Restoration, LLC re 1 Complaint,. (Attachments: # 1 Summons, # 2 Summons)(Thomas, Charles) [Transferred from laed on 9/18/2014.] (Entered: 08/27/2014) |
| 08/28/2014 | 4 | Summons Issued as to All Defendants. (bwn) [Transferred from laed on 9/18/2014.] (Entered: 08/28/2014) |
| 09/03/2014 | 5 | DEFICIENT: NOTICE of Appearance by Wayne J. Lee on behalf of State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. Attorney Wayne J. Lee added to party State Farm Fire & Casualty Company(pty:dft), Attorney Wayne J. Lee added to party State Farm General Insurance Company(pty:dft), Attorney Wayne J. Lee added to party State Farm Mutual Automobile Insurance Company(pty:dft).(Lee, Wayne) Modified on 9/4/2014 (bwn). [Transferred from laed on 9/18/2014.] (Entered: 09/03/2014) |

| | | |
|---|---|---|
| 09/05/2014 | 6 | MOTION to Stay by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. Motion set for 9/24/2014 10:00 AM before Judge Susie Morgan. (Attachments: # 1 Memorandum in Support, # 2 Notice of Submission)Attorney Wayne J. Lee added to party State Farm Fire & Casualty Company(pty:dft), Attorney Wayne J. Lee added to party State Farm General Insurance Company(pty:dft), Attorney Wayne J. Lee added to party State Farm Mutual Automobile Insurance Company(pty:dft).(Lee, Wayne) [Transferred from laed on 9/18/2014.] (Entered: 09/05/2014) |
| 09/05/2014 | 7 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *as to Michael P. Kenny* (Filing fee $ 100 receipt number 053L-4581470) by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Lee, Wayne) [Transferred from laed on 9/18/2014.] (Entered: 09/05/2014) |
| 09/05/2014 | 8 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *as to Elizabeth Helmer* (Filing fee $ 100 receipt number 053L-4581560) by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Lee, Wayne) [Transferred from laed on 9/18/2014.] (Entered: 09/05/2014) |
| 09/05/2014 | 9 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *as to Tiffany L. Powers* (Filing fee $ 100 receipt number 053L-4581569) by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Lee, Wayne) [Transferred from laed on 9/18/2014.] (Entered: 09/05/2014) |
| 09/08/2014 | 10 | ORDER granting 7 Motion to Appear Pro Hac Vice as to Michael P. Kenny. Signed by Judge Susie Morgan. (bwn) [Transferred from laed on 9/18/2014.] (Entered: 09/08/2014) |
| 09/08/2014 | 11 | ORDER granting 8 Motion to Appear Pro Hac Vice as to Elizabeth Helmer. Signed by Judge Susie Morgan. (bwn) [Transferred from laed on 9/18/2014.] (Entered: 09/08/2014) |
| 09/08/2014 | 12 | ORDER granting 9 Motion to Appear Pro Hac Vice as to Tiffany L. Powers. Signed by Judge Susie Morgan. (bwn) [Transferred from laed on 9/18/2014.] (Entered: 09/08/2014) |
| 09/09/2014 | 13 | NOTICE of Non-Opposition by All Plaintiffs re 6 MOTION to Stay . (Marcelle, Brian) [Transferred from laed on 9/18/2014.] (Entered: 09/09/2014) |
| 09/11/2014 | 14 | ORDER granting 6 Motion to Stay. IT IS FURTHER ORDERED that this matter is STAYED AND ADMINISTRATIVELY CLOSED but may be re-opened (or permanently closed) upon motion of a party. IT IS FURTHER ORDERED that the parties file a joint report regarding the status of transfer proceedings before the MDL court by December 10, 2014, after which the Court will consider whether lifting the stay is appropriate. Signed by Judge Susie Morgan on 9/10/2014. (bwn) [Transferred |

| | | |
|---|---|---|
| | | from laed on 9/18/2014.] (Entered: 09/12/2014) |
| 09/16/2014 | 15 | Notice of Conditional Transfer Order from MDL Panel regarding MDL 2557. (bwn) [Transferred from laed on 9/18/2014.] (Entered: 09/17/2014) |
| 09/16/2014 | 16 | Order of MDL Transfer to District of Middle District of Florida. MDL case number is 2557. Electronic file, certified copy of transfer order, and docket sheet sent. (Attachments: # 1 Email re MDL Transfer)(bwn) [Transferred from laed on 9/18/2014.] (Entered: 09/17/2014) |
| 09/18/2014 | 17 | Case transferred in from District of Louisiana Eastern; Case Number 2:14-cv-01909. File received electronically (Entered: 09/18/2014) |
| 09/18/2014 | 18 | MULTIDISTRICT LITIGATION member case. Master MDL case number: 6:14-md-2557-ORL-31TBS. Receipt of original record from the Eastern District of Louisiana, case number: 2:14-cv-01909. Assigned MDFL case number: 6:14-cv-6005-Orl-31TBS. (LAK) (Entered: 09/18/2014) |
| 10/03/2014 | 19 | MOTION to Dismiss Plaintiff's Original Complaint by Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company and State Farm General Insurance Company. (Clark, Johanna) Modified on 10/7/2014 (LAM). (Entered: 10/03/2014) |
| 10/16/2014 | 20 | MOTION for Extension of Time until 11/7/2014 to File Opposition *to Defendants' Motion to Dismiss Plaintff's Original Complaint* by Southern Collision & Restoration, LLC. (Attachments: # 1 Text of Proposed Order)(Marcelle, Brian) Modified on 10/17/2014 (JEV). (Entered: 10/16/2014) |
| 10/21/2014 | 21 | RESPONSE in Opposition re 20 MOTION for Extension of Time until 11/7/2014 to File Opposition *to Defendants' Motion to Dismiss Plaintff's Original Complaint* filed by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Clark, Johanna) (Entered: 10/21/2014) |
| 10/22/2014 | 22 | ENDORSED ORDER denying without prejudice for failure to comply with Local Rule 3.01(g) 20 Motion for Extension of Time to File. Signed by Judge Gregory A. Presnell on 10/22/2014. (Presnell, Gregory) (Entered: 10/22/2014) |
| 10/24/2014 | 23 | MOTION for Extension of Time to File Opposition *to Defendants' Motion to Dismiss Plaintiff's Original Complaint* by Southern Collision & Restoration, LLC. (Attachments: # 1 Local Rule 3.01(g) Conferenece, # 2 Text of Proposed Order) (Marcelle, Brian) (Entered: 10/24/2014) |
| 10/24/2014 | 24 | RESPONSE in Opposition re 23 MOTION for Extension of Time to File Opposition *to Defendants' Motion to Dismiss Plaintiff's Original Complaint* filed by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Clark, Johanna) (Entered: 10/24/2014) |
| 10/27/2014 | 25 | ENDORSED ORDER granting 23 Motion for Extension of Time to File. Response to motion to dismiss due on or before October 31, 2014. Signed by Judge Gregory A. Presnell on 10/27/2014. (ED) (Entered: 10/27/2014) |

| | | |
|---|---|---|
| 10/28/2014 | 26 | AMENDED Notice of hearing on all pending motions set for 11/14/2014 at 09:30 AM in Orlando Courtroom 5 A before Judge Gregory A. Presnell. 2.5 hours have been reserved for the hearing. Case number 6:14-cv-00310 #191,192,201,204,209,210,211,212,215,216,235,243,249,254,270,273. Case number 6:14-cv-06001 #104,106,108,110,112,114,131,132,133,134,135. Case number 6:14-cv-6000 #26,31,41,44. Case number 6:14-cv-6002 #9,17,19,69. Case number 6:14-cv-6003 #14,45,51,54,70,71,82. Case number 6:14-cv-6004 #70,73,76,79. Case number 6:14-cv-6005 #19. Signed by Judge Gregory A. Presnell on 10/28/2014. (LAK) (Entered: 10/28/2014) |
| 10/31/2014 | 27 | MEMORANDUM in opposition re 19 Motion to dismiss filed by Southern Collision & Restoration, LLC. (Marcelle, Brian) (Entered: 10/31/2014) |
| 11/07/2014 | 28 | REPLY to 27 RESPONSE to Motion re 19 MOTION to Dismiss Plaintiff's Original Complaint filed by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Clark, Johanna) Modified on 11/10/2014 (JET). (Entered: 11/07/2014) |
| 11/14/2014 | 29 | Minute Entry for motion proceedings held before Judge Gregory A. Presnell on 11/14/2014. Matters taken under advisement. Court Reporter: Diane Peede. (Attachments: # 1 Attorney Appearances) (LAM) (Entered: 11/14/2014) |
| 03/10/2015 | 30 | REPORT AND RECOMMENDATIONS re (70 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss Complaint, (76 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss Plaintiffs' Complaint, (88 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss Plaintiffs' Complaint With Incorporated Memorandum, (19 in 6:14-cv-06005-GAP-TBS) MOTION to Dismiss Plaintiff's Original Complaint, (79 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss Action, (73 in 6:14-cv-06004-GAP-TBS) MOTION to dismiss for failure to state a claim *with Supporting Memorandum*, (101 in 6:14-cv-06004-GAP-TBS) MOTION to dismiss for failure to state a claim, (100 in 6:14-cv-06004-GAP-TBS) MOTION to dismiss for failure to state a claim, (102 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss Complaint *and Supporting Memorandum*. Signed by Magistrate Judge Thomas B. Smith on 3/10/2015. (SMW) (Entered: 03/10/2015) |
| 03/24/2015 | 31 | OBJECTION re 30 REPORT AND RECOMMENDATIONS re (70 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss Complaint filed by 21st Century North American Insurance Company, 21st Century Centennial Insurance Company, Travelers Casualty & Surety Company of America, . (Marcelle, Brian) (Entered: 03/24/2015) |
| 03/27/2015 | 32 | MOTION to stay *Deadlines for Amended Complaint* by Southern Collision & Restoration, LLC. (Marcelle, Brian) (Entered: 03/27/2015) |
| 04/10/2015 | 33 | RESPONSE to objections to 30 Report and Recommendations filed by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Clark, Johanna) (Entered: 04/10/2015) |
| 04/27/2015 | 34 | **ORDER adopting 30 REPORT AND RECOMMENDATIONS re (70 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss Complaint filed by 21st Century North American Insurance Company, 21st Century Centennial Insurance Company, Travelers Casualty & Surety Company of America. Signed by Judge Gregory A.** |

| | | |
|---|---|---|
| | | Presnell on 4/27/2015. (ED) (Entered: 04/27/2015) |
| 05/14/2015 | 35 | Unopposed MOTION for Extension of Time until 6/1/15 to Amend 1 Complaint by Southern Collision & Restoration, LLC. (Attachments: # 1 Local Rule 3.01(g), # 2 Text of Proposed Order)(Marcelle, Brian) Modified on 5/15/2015 (JET). (Entered: 05/14/2015) |
| 05/29/2015 | 36 | AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Southern Collision & Restoration, LLC. Related document: 1 Complaint filed by Southern Collision & Restoration, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Marcelle, Brian) (Entered: 05/29/2015) |
| 06/08/2015 | 37 | MOTION to Dismiss First Amended Complaint by GEICO Casualty Co., GEICO General Insurance Company, GEICO Indemnity Insurance Company, Government Employee's Insurance Company. (Attachments: # 1 Exhibit A)(Goldfine, Dan) Modified on 8/24/2015 (JET). (Entered: 06/08/2015) |
| 06/12/2015 | 38 | **ORDER to remove William R. Sevier from the CM/ECF service list and discontinue serving pleadings and papers on him. Signed by Magistrate Judge Thomas B. Smith on 6/12/2015. Associated Cases: 6:14-md-02557-GAP-TBS et al.(Smith, Thomas)** (Entered: 06/12/2015) |
| 06/12/2015 | 39 | **ORDER in case 6:14-cv-00310-GAP-TBS; granting (195) Motion for Extension of Time to File in case 6:14-md-02557-GAP-TBS. Signed by Magistrate Judge Thomas B. Smith on 6/12/2015. Associated Cases: 6:14-md-02557-GAP-TBS et al.(Smith, Thomas)** (Entered: 06/12/2015) |
| 06/12/2015 | | Reset deadlines: Objections to R&R due by 6/29/2015 (MAL) (Entered: 06/15/2015) |
| 06/15/2015 | 40 | Unopposed MOTION for Extension of Time through June 17, 2015 to File Response to First Amended Complaint by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Clark, Johanna) Modified on 6/16/2015 (MAL). (Entered: 06/15/2015) |
| 06/15/2015 | 41 | MOTION to Dismiss First Amended Complaint by Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, 21st Centennial Insurance Company, 21st Century North America Insurance Company, America First Insurance Company, Farmers Insurance Exchange, The Hanover Insurance Company, The Hanover American Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, Louisiana Farm Bureau Casualty Insurance Company, Nationwide Mutual Insurance Company, Progressive Paloverde Insurance Company, Progressive Security Insurance Company, Safeco Insurance Company of Oregon, Safeco Insurance Company of America, Shelter General Insurance Company, Shelter Mutual Insurance Company, United Fire and Casualty Company, United Fire and Indemnity Company, USAgencies Casualty Insurance Company, Inc.. (Attachments: # 1 Exhibit A)(Rohback, Thomas) (Entered: 06/15/2015) |
| 06/15/2015 | 42 | MOTION to Dismiss First Amended Complaint by Fireman's Fund Insurance Co.. (Horn, Elizabeth) (Entered: 06/15/2015) |

| 06/15/2015 | 43 | NOTICE of Appearance by Michael E. Mumford on behalf of America First Insurance Company (Mumford, Michael) (Entered: 06/15/2015) |
|---|---|---|
| 06/15/2015 | 44 | CERTIFICATE of interested persons and corporate disclosure statement by America First Insurance Company . (Mumford, Michael) Modified on 6/16/2015 (MAL). (Entered: 06/15/2015) |
| 06/17/2015 | 45 | MOTION to dismiss for failure to state a claim *Plaintiffs' First Amended Complaint* by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, Allstate Property and Casualty Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company, USAA Casualty Insurance Company, USAA General Indemnity Company, Sentry Insurance, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, Travelers Casualty Insurance Company of America, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, The Travelers Indemnity Company, Travelers Property Casualty Company, Encompass Indemnity Company, Encompass Insurance Company of America, Encompass Property & Casualty Co, Esurance Insurance Company. (Attachments: # 1 Exhibit A)(Clark, Johanna) (Entered: 06/17/2015) |
| 06/18/2015 | 46 | Uncontested MOTION for Extension of Time until July 6, 2015 to File Opposition to Defendant GEICO's Motion to Dismiss Plaintiff's Amended Complaint by All Plaintiffs. (Attachments: # 1 Local Rule 3.01 (g) Conference, # 2 Text of Proposed Order)(Marcelle, Brian) Modified on 6/19/2015 (MAL). (Entered: 06/18/2015) |
| 06/19/2015 | 47 | **ENDORSED ORDER granting 46 Motion for Extension of Time to File. Signed by Judge Gregory A. Presnell on 6/19/2015. (Presnell, Gregory)** (Entered: 06/19/2015) |
| 06/19/2015 | 48 | **ENDORSED ORDER granting 40 Motion for Extension of Time to File. Signed by Judge Gregory A. Presnell on 6/19/2015. (ED)** (Entered: 06/19/2015) |
| 06/24/2015 | 49 | Unopposed MOTION for Extension of Time until July 13, 2015 to File Opposition to Defendant Fireman's Fund Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint by All Plaintiffs. (Attachments: # 1 Local Rule 3.01(g), # 2 Text of Proposed Order)(Marcelle, Brian) Modified on 6/25/2015 (MAL). (Entered: 06/24/2015) |
| 06/25/2015 | 50 | **ENDORSED ORDER denying 32 motion to stay. Signed by Judge Gregory A. Presnell on 6/25/2015. (Presnell, Gregory)** (Entered: 06/25/2015) |
| 06/25/2015 | 51 | **ENDORSED ORDER denying as moot 35 Motion for Extension of Time to Amend. Signed by Judge Gregory A. Presnell on 6/25/2015. (Presnell, Gregory)** (Entered: 06/25/2015) |
| 06/25/2015 | 52 | **ENDORSED ORDER granting 49 Motion for Extension of Time to File. Signed by Judge Gregory A. Presnell on 6/25/2015. (Presnell, Gregory)** (Entered: 06/25/2015) |
| 06/25/2015 | 53 | MOTION for Extension of Time until July 13, 2015 to File OPPOSITION TO MOVING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Local Rule 3.01(g), # 3 Text of Proposed Order)(Marcelle, Brian) Modified on 6/26/2015 (MAL). (Entered: |

| | | |
|---|---|---|
| | | 06/25/2015) |
| 06/25/2015 | | Reset deadline: Objections to R&R due by 7/13/2015 (MAL) (Entered: 06/26/2015) |
| 06/26/2015 | 54 | **ORDER in case 6:14-cv-00310-GAP-TBS; granting (199) Motion to Withdraw. Attorney Christine A. Hopkinson terminated as counsel for Progressive defendants. Signed by Magistrate Judge Thomas B. Smith on 6/26/2015. Associated Cases: 6:14-md-02557-GAP-TBS et al.(Smith, Thomas)** (Entered: 06/26/2015) |
| 06/26/2015 | 55 | MOTION for Extension of Time until July 15, 2015 to File OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Local Rule 3.01(g), # 3 Text of Proposed Order)(Marcelle, Brian) Modified on 6/29/2015 (MAL). (Entered: 06/26/2015) |
| 06/29/2015 | 56 | **ENDORSED ORDER granting 53 Motion for Extension of Time to File. Signed by Judge Gregory A. Presnell on 6/29/2015. (ED)** (Entered: 06/29/2015) |
| 06/29/2015 | 57 | **ENDORSED ORDER granting 55 Motion for Extension of Time to File. Signed by Judge Gregory A. Presnell on 6/29/2015. (ED)** (Entered: 06/29/2015) |
| 07/06/2015 | 58 | MEMORANDUM in opposition re 37 Motion to dismiss filed by Southern Collision & Restoration, LLC. (Marcelle, Brian) (Entered: 07/06/2015) |
| 07/13/2015 | 59 | MEMORANDUM in opposition re 42 Motion to dismiss, 45 Motion to dismiss for failure to state a claim, 41 Motion to dismiss filed by Southern Collision & Restoration, LLC. (Marcelle, Brian) (Entered: 07/13/2015) |
| 07/16/2015 | 60 | REPLY to Response to Motion re 37 MOTION to Dismiss First Amended Complaint *GEICO Casualty Company, GEICO General Insurance Company, GEICO Indemnity Company and Government Employees Insurance Company's Motion and Supporting Memorandum to Dismiss Plaintiff's First Amended Complaint filed by GEICO Casualty Co., GEICO General Insurance Company, GEICO Indemnity Insurance Company, Government Employee's Insurance Company. (Goldfine, Dan) (Entered: 07/16/2015)* |
| 07/20/2015 | 61 | REPLY to Response to Motion re 42 MOTION to Dismiss First Amended Complaint filed by Fireman's Fund Insurance Co.. (Horn, Elizabeth) (Entered: 07/20/2015) |
| 07/20/2015 | 62 | REPLY to Response to Motion re 41 MOTION to Dismiss First Amended Complaint filed by 21st Centennial Insurance Company, 21st Century North America Insurance Company, America First Insurance Company, Farmers Insurance Exchange, Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, Louisiana Farm Bureau Casualty Insurance Company, Nationwide Mutual Insurance Company, Progressive Paloverde Insurance Company, Progressive Security Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Oregon, Shelter General Insurance Company, Shelter Mutual Insurance Company, The Hanover American Insurance Company, The Hanover Insurance Company, USAgencies Casualty Insurance Company, Inc., United Fire and Casualty Company, United Fire and |

| | | |
|---|---|---|
| | | Indemnity Company. (Rohback, Thomas) (Entered: 07/20/2015) |
| 07/23/2015 | 63 | REPLY to Response to Motion re 45 MOTION to dismiss for failure to state a claim *Plaintiffs' First Amended Complaint* filed by Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company, Allstate Property and Casualty Company, Encompass Indemnity Company, Encompass Insurance Company of America, Encompass Property & Casualty Co, Esurance Insurance Company, Sentry Insurance, State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, Travelers Casualty Insurance Company of America, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, USAA Casualty Insurance Company, USAA General Indemnity Company. (Clark, Johanna) (Entered: 07/23/2015) |
| 07/31/2015 | 64 | NOTICE of change of address by Joshua Grabel (Grabel, Joshua) (Entered: 07/31/2015) |
| 08/18/2015 | 65 | **ORDER in case 6:14-cv-00310-GAP-TBS; granting (223) Motion to Withdraw as Attorney. Attorney Cynthia M Locke terminated in case 6:14-md-02557-GAP-TBS and related cases in which she has appeared. Signed by Magistrate Judge Thomas B. Smith on 8/18/2015. Associated Cases: 6:14-md-02557-GAP-TBS et al.(Smith, Thomas)** (Entered: 08/18/2015) |
| 08/18/2015 | 66 | NOTICE of hearing on motion re 41 MOTION to Dismiss First Amended Complaint , 37 MOTION to Dismiss First Amended Complaint *GEICO Casualty Company, GEICO General Insurance Company, GEICO Indemnity Company and Government Employees Insurance Company's Motion and Supporting Memorandum to Dismiss Plaintiff's First Amended,* 42 MOTION to Dismiss First Amended Complaint , 45 MOTION to dismiss for failure to state a claim Plaintiffs' First Amended Complaint. **Motion Hearing limited to Federal Anti-Trust Claims set for 9/22/2015 at 01:30 PM (90 minutes reserved)in Orlando Courtroom 5 A before Judge Gregory A. Presnell.** *(TKW) (Entered: 08/18/2015)* |
| 08/24/2015 | 67 | NOTICE of RESCHEDULING HEARING ON MOTIONS re (307 in 6:14-cv-00310-GAP-TBS) MOTION to Dismiss Second Amended Complaint , (306 in 6:14-cv-00310-GAP-TBS) MOTION to Dismiss Plaintiffs' Second Amended Complaint , (302 in 6:14-cv-00310-GAP-TBS) MOTION to Dismiss Second Amended Complaint , (308 in 6:14-cv-00310-GAP-TBS) MOTION to dismiss for failure to state a claim , (90 in 6:14-cv-06000-GAP-TBS) MOTION to dismiss for failure to state a claim *Second Amended Complaint*, (93 in 6:14-cv-06000-GAP-TBS) MOTION for Joinder in (90) Motion to Dismiss, andSupplemental MOTION to Dismiss the Second Amended Complaint , (89 in 6:14-cv-06000-GAP-TBS) MOTION to Dismiss Second Amended Complaint , (94 in 6:14-cv-06000-GAP-TBS) MOTION to Dismiss SECOND AMENDED COMPLAINT COUNTS 3, 4 and 5 BY CLINTON BODY SHOP, INC. and CLINTON BODY SHOP OF RICHLAND, INC. , (92 in 6:14-cv-06000-GAP-TBS) MOTION to Dismiss SECOND AMENDED COMPLAINT , (154 in 6:14-cv-06001-GAP-TBS) Joint MOTION to Dismiss Plaintiffs' Second Amended Complaint , (155 in 6:14-cv-06001-GAP-TBS) MOTION to Dismiss Second Amended |

| | | |
|---|---|---|
| | | Complaint , (156 in 6:14-cv-06001-GAP-TBS) MOTION to dismiss for failure to state a claim *Plaintiff's Second Amended Complaint*, (87 in 6:14-cv-06002-GAP-TBS) MOTION to dismiss for failure to state a claim , (88 in 6:14-cv-06002-GAP-TBS) MOTION to Dismiss First Amended Complaint *GEICO General Insurance Company and GEICO Indemnity Company's Motion and Supporting Memorandum to Dismiss Plaintiffs' First Amended Complaint*, (86 in 6:14-cv-06002-GAP-TBS) MOTION to Dismiss First Amended Complaint , (107 in 6:14-cv-06003-GAP-TBS) MOTION to Dismiss the Second Amended Complaint *(with Supporting Memorandum of Law)*, (106 in 6:14-cv-06003-GAP-TBS) MOTION to dismiss for failure to state a claim *Second Amended Complaint*, (104 in 6:14-cv-06003-GAP-TBS) MOTION to Dismiss First Amended Complaint , (125 in 6:14-cv-06004-GAP-TBS) MOTION to dismiss (119) First Amended Complaint for failure to state a claim , (121 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss First Amended Complaint , (120 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss (119) First Amended Complaint , (123 in 6:14-cv-06004-GAP-TBS) MOTION to Dismiss (119) First Amended Complaint, (42 in 6:14-cv-06005-GAP-TBS) MOTION to Dismiss First Amended Complaint , (41 in 6:14-cv-06005-GAP-TBS) MOTION to Dismiss First Amended Complaint , (45 in 6:14-cv-06005-GAP-TBS) MOTION to dismiss for failure to state a claim *Plaintiffs' First Amended Complaint*, (37 in 6:14-cv-06005-GAP-TBS) MOTION to Dismiss First Amended Complaint *GEICO Casualty Company, GEICO General Insurance Company, GEICO Indemnity Company and Government Employees Insurance Company's Motion and Supporting Memorandum to Dismiss Plaintiff's First Amended. Motions Hearing set for 9/24/2015 at 01:30 PM in Orlando Courtroom 5 A before Judge Gregory A. Presnell. Copies mailed.(LAM) (Entered: 08/24/2015)* |
| 08/25/2015 | 68 | NOTICE canceling motions hearing scheduled for 9/24/2015. (LAM) (Entered: 08/25/2015) |
| 12/02/2015 | 69 | **ORDER in case 6:14-cv-00310-GAP-TBS; granting (253) Motion to Withdraw as Attorney in case 6:14-md-02557-GAP-TBS; 6:14-cv-6001-Orl-31TBS; 6:14-cv-6010-Orl-31TBS; 6:14-cv-6012-Orl-31TBS; 6:14-cv-6013-Orl-31TBS; 6:14-cv-6015-Orl-31TBS; 6:14-cv-6018-Orl-31TBS; 6:14-cv-6019-Orl-31TBS; 6:14-cv-6022-Orl-31TBS. John C. Trimble and Eric C. McNamar Terminated. Signed by Magistrate Judge Thomas B. Smith on 12/2/2015. Associated Cases: 6:14-md-02557-GAP-TBS et al.(Smith, Thomas) (Entered: 12/02/2015)** |
| 01/19/2016 | 70 | NOTICE of supplemental authority in support of 45 Motion to dismiss amended complaint by State Farm Fire & Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company. (Attachments: # 1 Exhibit A)(Clark, Johanna) Modified on 1/20/2016 (IGC). (Entered: 01/19/2016) |
| 03/24/2016 | 71 | **ORDER re 42 MOTION to Dismiss First Amended Complaint, 37 MOTION to Dismiss First Amended Complaint, 45 MOTION to dismiss for failure to state a claim, 41 MOTION to Dismiss First Amended Complaint; granting as to antitrust claims, only. Signed by Judge Gregory A. Presnell on 3/24/2016. (ED) (Entered: 03/24/2016)** |
| 04/05/2016 | 72 | **REPORT AND RECOMMENDATIONS re 42 MOTION to Dismiss First Amended Complaint filed by Fireman's Fund Insurance Co., 37 MOTION to** |

| | | |
|---|---|---|
| | | **Dismiss First Amended Complaint filed by GEICO Casualty Co., GEICO General Insurance Company, Government Employee's Insurance Company, GEICO Indemnity Insurance Company, 45 MOTION to dismiss for failure to state a claim *Plaintiffs' First Amended Complaint* filed by Allstate Fire and Casualty Insurance Company, USAA General Indemnity Company, Encompass Indemnity Company, USAA Casualty Insurance Company, Encompass Property & Casualty Co, Travelers Casualty Insurance Company of America, The Travelers Indemnity Company of Connecticut, State Farm Fire & Casualty Company, Encompass Insurance Company of America, The Travelers Indemnity Company, Travelers Casualty and Surety Company of America, Travelers Property Casualty Company, Allstate Insurance Company, The Travelers Indemnity Company of America, Travelers Casualty and Surety Company, Allstate Property and Casualty Company, Allstate Indemnity Company, Sentry Insurance, Esurance Insurance Company, State Farm Mutual Automobile Insurance Company, State Farm General Insurance Company, 41 MOTION to Dismiss First Amended Complaint filed by 21st Century North America Insurance Company, 21st Centennial Insurance Company, USAgencies Casualty Insurance Company, Inc., Shelter General Insurance Company, Progressive Paloverde Insurance Company, Hartford Accident and Indemnity Company, The Hanover American Insurance Company, Hartford Fire Insurance Company, United Fire and Indemnity Company, Shelter Mutual Insurance Company, Safeco Insurance Company of America, Liberty Mutual Fire Insurance Company, The Hanover Insurance Company, Louisiana Farm Bureau Casualty Insurance Company, Hartford Casualty Insurance Company, Progressive Security Insurance Company, United Fire and Casualty Company, Safeco Insurance Company of Oregon, Nationwide Mutual Insurance Company, Hartford Insurance Company of the Midwest, Liberty Mutual Insurance Company, America First Insurance Company, Farmers Insurance Exchange. Signed by Magistrate Judge Thomas B. Smith on 4/5/2016. (JMP)** (Entered: 04/05/2016) |
| 04/19/2016 | 73 | OBJECTION in part to 72 Report and Recommendations by State Farm Fire & Casualty Company, State Farm Mutual Automobile Insurance Company and State Farm General Insurance Company. (Clark, Johanna) Modified on 4/20/2016 (JET). (Entered: 04/19/2016) |
| 04/19/2016 | 74 | OBJECTION in part re 72 REPORT AND RECOMMENDATIONS re 42 MOTION to Dismiss First Amended Complaint filed by Fireman's Fund Insurance Co., 37 MOTION to Dismiss First Amended Complaint filed by GEICO Casualty Co., GEICO General Insurance Company, GEICO Indemnity Insurance Company and Government Employee's Insurance Company. (Goldfine, Dan) Modified on 4/20/2016 (JET). (Entered: 04/19/2016) |
| 04/21/2016 | 75 | NOTICE by Southern Collision & Restoration, LLC (Marcelle, Brian) Modified on 4/22/2016 (JET). Attorney will refile as Notice of Appeal. (Entered: 04/21/2016) |
| 04/22/2016 | 76 | NOTICE OF APPEAL as to 71 Order by Southern Collision & Restoration, LLC. Filing fee not paid. (Marcelle, Brian) Modified on 4/26/2016 (LMM). **REFILED USING CORRECT EVENT CODE AT 77 * (Entered: 04/22/2016) |

| 04/22/2016 | 77 | NOTICE OF INTERLOCUTORY APPEAL as to 71 Order by Southern Collision & Restoration, LLC. Filing fee not paid. (LMM) (Entered: 04/26/2016) |
| 04/26/2016 | | APPEAL FEES paid re 77 Notice of Interlocutory Appeal by Southern Collision & Restoration, LLC (Filing fee $505.00 receipt number ORL-053093). (LMM) (Entered: 04/26/2016) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/27/2016 16:29:47 | | | |
| **PACER Login:** | ux4656:4033087:3956495 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:14-cv-06005-GAP-TBS |
| **Billable Pages:** | 25 | **Cost:** | 2.50 |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SOUTHERN COLLISION &
RESTORATION, LLC,

      Plaintiff,

v.                                                                   Case No: 6:14-cv-6005-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

      Defendants.

_____

# ORDER

This matter comes before the Court on motions to dismiss (Doc. 37, 41, 42, 45) filed by various groups of Defendants, the responses in opposition (Doc. 58, 59) to those motions filed by the Plaintiff, and the replies (Doc. 60-63) filed by the movants.   The portions of those motions having to do with the Plaintiff's state law claims have been referred to Magistrate Judge Smith for disposition by way of a report and recommendation.   Accordingly, this order will address only the portions of those motions that deal with the Plaintiff's claims under federal law.

## I.      Background

The instant case is one of 24 similar actions, consolidated for pretrial purposes, in which auto repair shops have accused insurance companies in their particular states of violating Section 1 of the Sherman Antitrust Act and various state laws by conspiring to suppress the amounts they are obligated to pay for automobile repairs.   The lead case among these actions – henceforth, the "Florida Action" – was filed in this court in February 2014.   The initial complaint in that case was dismissed *sua sponte* in June 2014 on the grounds that it was a prohibited "shotgun" pleading, that it failed to properly set forth the basis for the Court's jurisdiction, that it failed to identify which

parties had ongoing contracts with one another, and that all of the alleged misdeeds were attributed, collectively, to every Defendant, even where such collective attribution made no sense. (Doc. 110 at 1-2 in Case No. 6:14-cv-310-Orl-31TBS).

The plaintiffs in the Florida Action filed an amended complaint later that same month. (Doc. 167 in Case No. 6:14-cv-310-Orl-31TBS). Subsequently, various defendants moved to dismiss. In January 2015, this court granted those motions in part, dismissing all the claims in the Florida Action, some with prejudice. (Doc. 291 in Case No. 6:14-cv-310-Orl-31TBS). The Sherman Act claims in that case – one for price-fixing, and one for an illegal boycott – were dismissed because the Florida Action Plaintiffs had failed to adequately plead the existence of an agreement and had failed to adequately allege a concerted refusal to deal, respectively. (Doc. 291 at 20-21 in Case No. 6:14-cv-310-Orl-31TBS). After another amended complaint and another round of motions to dismiss, the Court dismissed the Florida Action with prejudice in September 2015. (Doc. 341 in Case No. 6:14-cv-310-Orl-31TBS). In regard to the antitrust claims, the court again found that the plaintiffs had failed to adequately allege the existence of an agreement or a concerted refusal to deal. (Doc. 341 at 20-21 in Case No. 6:14-cv-310-Orl-31TBS). The plaintiffs in the Florida Action did not appeal that dismissal.[1]

The instant case was filed in the United States District Court for the Eastern District of Louisiana in August 2014. (Doc. 1). On September 16, 2014, the United States Judicial Panel on Multidistrict Litigation transferred the case to this Court. (Doc. 16). Subsequently, the three original Defendants – State Farm Mutual Automobile Insurance Company, State Farm Fire &

---

[1] As of the date of this order, of the 24 actions in these consolidated proceedings, the Florida Action and five others have been dismissed and not appealed; one was remanded; five were appealed but had the appeals dismissed for lack of prosecution; and twelve remain pending before this court.

Casualty Company, and State Farm General Insurance Company (henceforth, collectively, "State Farm") – filed a motion to dismiss (Doc. 19).

On March 10, 2015, Magistrate Judge Smith entered a Report and Recommendation (Doc. 30) that all of the claims asserted in the Complaint be dismissed, some with prejudice. On April 27, 2015, the Court adopted the Report and Recommendation. (Doc. 34). The Plaintiff filed an Amended Complaint (Doc. 36) (henceforth, the "FAC") that, *inter alia*, added dozens of additional Defendants; in response, various groups of Defendants filed the motions that are the subject of this order.

## II.     Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. 678, 129 S.Ct. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 679, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.     Analysis

According to the allegations of the FAC, which are accepted in pertinent part as true for purposes of resolving the instant motions, the Plaintiff is a Louisiana automobile repair shop; the Defendants are a group of 57 insurers who, collectively, write more than 85 percent of the private passenger automobile policies in that state.   (FAC at 4-17, 19).   The Plaintiff contends that the Defendants have engaged

> in an ongoing, concerted and combined intentional course of action
> and conduct to improperly and illegally control and depress
> automobile damage repair costs to the detriment of the Plaintiff and
> the substantial profit of the Defendants.

(FAC at 18).

The Plaintiff goes on to assert that the Defendants have

> intentionally combined to utilize their aggregated market power to
> exert control over every aspect of the collision repair industry,
> including but not limited to price fixing of labor rates, price fixing of
> replacement parts, compulsory use of substandard or dangerous

replacement parts, compulsory use of a parts procurement program which directly financially benefits State Farm Defendants and indirectly benefits the remaining Defendants, boycotting shops which refuse to comply with either fixed prices or use of substandard or improper parts, and interfering with Plaintiff's current and prospective business relations by intentionally misrepresenting and making knowingly false statements regarding the quality, efficiency and ethical reputation of Plaintiff's business, exerted economic duress and coercion upon both the Plaintiff to capitulate and upon consumers, including direct threats to consumers to refuse coverage or portions of available coverage if consumers persist in their efforts to patronize Plaintiff's business.

(FAC at 18-19).

Simply stated, the Plaintiff complains that all of the Defendants pay Louisiana automobile repair shops (on behalf of the Defendants' insureds or claimants) essentially the same hourly rates for repairs, painting and the like. Those rates, the Plaintiff alleges, are based on market surveys performed by State Farm. (FAC at 38-39). The Plaintiff alleges that State Farm manipulates or fakes the survey results, producing bogus "market rates" that are below the rates actually prevailing in the marketplace. (FAC at 40-42). State Farm insists that it is only willing to pay these bogus market rates, and the other Defendants insist on paying no more than State Farm pays. (FAC at 41).

In addition, the Plaintiff alleges that the Defendants have a list of repair procedures for which they all refuse to pay, even when that particular procedure is recommended by the industry's leading repair-estimating databases, (FAC at 41-49), and that the Defendants insist that the shops use cheaper (and lower-quality) parts when performing repairs, (FAC at 51-55). Finally, the Plaintiff contends that when repair shops balk at any of this, such as by trying to raise their hourly rates or utilize higher-quality parts, they are subject to boycotts in the form of having the Defendants' insureds "steered" away from their shops to compliant shops. (FAC at 55-57).

## A.    Count One – Price Fixing

In Count One, the Plaintiff alleges that the Defendants and unnamed co-conspirators have entered into an agreement "to control and suppress automobile damage repair costs [and] automobile material repair costs through coercion and intimidation" of the Plaintiff, all in violation of the Sherman Act, 15 U.S.C. §1 *et seq.*   (FAC at 79).   Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States."   While § 1 could be interpreted to bar every agreement in restraint of trade, the Supreme Court has long recognized that Congress intended to outlaw only unreasonable restraints.   *See, e.g.*, *Arizona v. Maricopa County Medical Soc.*, 457 U.S. 332, 342-43, 102 S.Ct. 2466, 2472-73, 73 L.Ed.2d 48 (1982) (citing *United States v. Joint Traffic Assn.*, 171 U.S. 505, 19 S.Ct. 25, 43 L.Ed. 259 (1898)).   Even where a restraint of trade is unreasonable, it is only prohibited if it was effected by a contract, combination or conspiracy.   *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 775, 104 S.Ct. 2731, 2743, 81 L.Ed.2d 628 (1984).   Because of this, the "crucial question" in § 1 cases is whether the challenged anticompetitive conduct "stems from independent decision or from an agreement, tacit or express."   *Twombly*, 550 U.S. at 553, 127 S.Ct. at 1964 (alterations and citations omitted).

### Conscious Parallelism

As is the norm in antitrust cases, the Plaintiff here offers no direct evidence that the Defendants have entered into a price-fixing agreement, instead relying on allegations of parallel behavior.   A showing of parallel business behavior is admissible circumstantial evidence from which the fact finder may infer agreement, but it falls short of conclusively establishing agreement or itself constituting a Sherman Act offense.   *Twombly*, 550 U.S. at 553, 127 S.Ct. at 1964 (citations omitted).   Because of this, stating a claim under Section 1 of the Sherman Act requires

"a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

The actions allegedly taken by the Defendants in this case, such as paying the same labor rates, refusing to pay for the same list of procedures, and requiring the use of lower-quality parts, are not enough, on their own, to constitute a violation of Section 1 of the Sherman Act.   Evidence of conscious parallelism[2] alone does not permit an inference of conspiracy unless the Plaintiff either (1) establishes that, assuming there is no conspiracy, each defendant engaging in the parallel action acted contrary to its economic self-interest or (2) offers other "plus factors" tending to establish that the defendants were not engaging merely in oligopolistic price maintenance or price leadership but rather in a collusive agreement to fix prices or otherwise restrain trade.   *Harcros Chemicals*, 158 F.3d at 570-71.

In *Twombly*, the Supreme Court noted a number of "plus factors," identified by commentators (and the parties in that case) that could support a plausible inference of such a collusive agreement, including: "parallel behavior that would probably not result from chance,

---

[2]       The Supreme Court has defined conscious parallelism as a "process, not in itself unlawful, by which firms in a concentrated market might in effect share monopoly power, setting their prices at a profit-maximizing, supracompetitive level by recognizing their shared economic interests and their interdependence with respect to price and output decisions."   *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 227, 113 S.Ct. 2578, 2590, 125 L.Ed.2d 168 (1993).   In other words, conscious parallelism is the practice of interdependent pricing in an oligopolistic market by competitor firms that realize that attempts to cut prices usually reduce revenue without increasing any firm's market share, but that simple price leadership in such a market can readily increase all competitors' revenues.

*City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 570 (11th Cir. 1998).

coincidence, independent responses to common stimuli, or mere interdependence unaided by an advance understanding among the parties;" conduct indicating "restricted freedom of action and sense of obligation that one generally associates with agreement;" or "complex and historically unprecedented changes in pricing structure made at the very same time by multiple competitors, and made for no other discernible reason." *Twombly*, 550 U.S. at 556 n.4, 127 S. Ct. at 1965 n. 4 (internal citations omitted).

Thus, in addition to setting out the Defendants' uniform conduct, the Plaintiff must provide enough factual matter, taken as true, to show that the Defendants took steps that would otherwise have been against their economic self-interest or that tends to show collusion.

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory.

*Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966.

Acting Against Self-Interest

The Plaintiff contends that it has satisfied the requirement of pleading facts that show that a collusive agreement exists among the Defendants because it has alleged that, in addition to engaging in parallel behavior, the Defendants have taken actions that would have been against their economic self-interest in the absence of a conspiracy. Specifically, the Plaintiff argues that

> Any insurer which, as a regular and routine part of business, refused to fully and properly repair the vehicles of their respective insureds and claimants would soon find itself out of business. Only through agreement, by uniting and declaring these actions as the "industry standard" can Defendants' actions succeed.

(Doc. 134 at 9).

This argument fails for several reasons, not the least of which is that this assertion is not consistent with the allegations set forth in the First Amended Complaint:   The Plaintiff has not alleged that it (along with the other repair shops in the state) has been systematically failing to "fully and properly repair" the vehicles of any customers who happen to be insured by (or making a claim against) one of the 57 insurance companies that are being sued in this case.   Beyond this failure of pleading, the refusal to pay for all of the services the Plaintiffs think should be provided and for the top-quality parts and materials the Plaintiffs think should be utilized is simply the buyer-side version of the profit-maximizing behavior described approvingly by the Supreme Court in the *Brooke Group* case and by the Eleventh Circuit in *Harcros Chemicals*.   (See note 2, *supra*.) If the oligopoly has market power – as alleged in this case – then it is consistent with that power for its members to observe price parity.   The possible eventual loss of customers resulting from such a practice is nothing more than speculation.   *See Twombly*, 550 U.S. at 567-68 (rejecting argument that defendants' failure to compete in each other's geographic areas was suggestive of conspiracy to restrain trade where plaintiff had no support for allegation that such competition would have proven lucrative and reluctance to expand beyond existing areas could be explained by legitimate concerns).   *Compare Evergreen Partnering Group, Inc. v. Pactiv Corp.*, 720 F.3d 33 (1st Cir. 2013) (finding that plaintiff successfully pled that defendants acted against their own interests in refusing to do business with plaintiff, where successful pilot programs showed that participation in plaintiff's recycling enterprise would have been cost-neutral to defendants and would have increased sales to defendants' customers).

<u>Plus Factors</u>

The Plaintiff also argues that the First Amended Complaint contains numerous allegations that, taken as true, establish the existence of "plus factors" that support a plausible conclusion that

the Defendants have entered into a collusive agreement.   For brevity's sake, the Court quotes the

Plaintiff's assertions as to each purported plus factor and then addresses each assertion:

> Market Power: Collectively, the named Defendants hold at least eighty-five percent (85%) but more likely at least ninety percent (90%) of the private passenger insurance market within the State of Louisiana.

(Doc. 59 at 9).

The Plaintiff offers no explanation as to how the possession of market power itself can

constitute a "plus factor."   The fact that a group of alleged price-fixers possess power in a

particular market does not, standing alone, make it more likely that the members of that group

have entered into an agreement to fix prices.   While such an agreement would likely be pointless

if the participants lacked the muscle to enforce it, the mere (collective) possession of market share

is not suggestive of collusion.

> Motive: The Defendants shared a motive to conspire, profit. As the profit in this case reaches the billions of dollars, the motive is substantial.   Additionally, the Defendants substantially benefit through their combination or conspiracy as they jointly profit through their mutual investments through BlackRock, Inc., in the same companies to which they steer business, provide materials at deep discount and otherwise coordinate and act in concert by agreement.   Defendants would be unable to achieve the record profits reported without the coordinated and agreed upon actions.

(Doc. 59 at 9).

The mere desire to make a profit cannot constitute a "plus factor," because conscious

parallelism is itself a profit-maximizing behavior.   *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626

F.3d 1327, 1342 (11th Cir. 2010) ("Jacobs had the burden to present allegations showing why it is

more plausible that TPX and its distributors . . . would enter into an illegal price-fixing agreement

. . . to reach the same result realized by purely rational profit-maximizing behavior.").

In addition, because the motive behind most (if not all) price-fixing agreements is to increase profits among the participants, adopting "profit motive" as a plus factor would effectively eliminate any pleading requirements regarding such agreements.   If the existence of a profit motive was enough to make it plausible that the defendants had colluded to fix prices, then essentially every alleged price-fixing agreement would survive a motion to dismiss.

The Plaintiff's second argument on this point – involving "BlackRock, Inc." (henceforth, "BlackRock") – is difficult to follow.   It appears that the Plaintiff is arguing (1) that the Defendants are invested in BlackRock, (2) that BlackRock owns some businesses to which the Defendants steer their insureds and to which they provide discounted materials, and (3) that somehow this contributes to the Defendants earning record profits.   This argument fails for numerous reasons.   First, it appears to be another version of the profit-motive-as-plus-factor argument, which fails for the reasons set forth above.   Second, the details of the financial relationship between the Defendants and BlackRock – an asset management firm – are mostly incomprehensible, especially in regard to how the Defendants might profit from that arrangement.

The Plaintiff alleges that "Defendants State Farm, Allstate, Nationwide, USAA, SAFECO, and GEICO are all invested in or through BlackRock".[3]   (FAC at 69).   The Plaintiff alleges that Blackrock holds majority ownership of Service King, "a collision repair multi-shop operator," which in turn owns MSO Sterling Collision Centers ("Sterling").   (FAC at 70).   The Plaintiff alleges that the Defendants earn extra profit by steering repairs to Service King or Sterling, in that those repair shops accept lower payments for repairs and because BlackRock prospers when those entities do additional business.   (FAC at 70).   However, the Plaintiff does not allege that Service

---

[3] Numerous Defendants in this case have names that include "Allstate," "Nationwide," "USAA," "Safeco," or "GEICO".   The Plaintiffs do not specify which of these Defendants they intended to reference.

King or MSO Sterling charge a lower price to the Defendants than other repair shops in the area

do.   And it is not apparent how an entity that has invested *through* BlackRock would profit just

because a company partially owned by BlackRock does more business.   Assuming *arguendo* that

at least some Defendants have an ownership interest in BlackRock (and therefore would share in

the profits of a business partially owned by Blackrock), sending customers to Service King or

Sterling repair shops would be in those Defendants' self-interest, even in the absence of any

agreement with other Defendants to do so.[4]   The Court also notes that, although the Plaintiff

includes an incident of alleged "steering" in the FAC, it does not allege that the shop to which its

customer was steered was either a Service King or Sterling shop, much less that it was done for

that reason.   *See* FAC at 57.   Thus the Plaintiff's allegations regarding Blackrock, accepted as

true, do not make it any more likely that the Defendants entered into an agreement in violation of

Section I of the Sherman Act.

> Opportunity to conspire: The Defendants have numerous
> opportunities to conspire through their membership in trade
> associations (which, in turn, regularly work together), involvement
> with purported beneficent organizations (e.g., IIHS) and similar
> organizations.

(Doc. 59 at 9).

It is not clear from the allegations of the Second Amended Complaint that all of the

Defendants belong to any of the trade associations or beneficent organizations referred to in that

document, much less that all of them belong to the same association or organization.   Regardless,

participation in trade associations and similar organizations provides no indication of a conspiracy.

*See American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1295 (11th Cir. 2010).

---

[4] The Plaintiffs also do not offer an explanation as to why Defendants without an ownership
interest in Blackrock would agree to send their insureds and claimants to Service King or Sterling or
try to encourage this behavior by Defendants with such an ownership interest.

In light of the foregoing, the Court finds that the Plaintiff has again failed to state a claim for price-fixing in violation of Section 1 of the Sherman Act.

### B.       Count Two – Boycott

In Count Two, the Plaintiff asserts that the Defendants have attempted to coerce auto repair shops into going along with their price-fixing scheme by

> multiple forms of illegal boycott activity including, *inter alia*, steering actual and potential customers away from Plaintiff through knowing dissemination of false and misleading statements about Plaintiff; manipulating delays and obstacles in approving, obtaining and paying for repairs obtained from Plaintiff; economically coercive threats that use of Plaintiff's services will incur additional and greater out-of-pocket costs to customers; alteration and manipulation of the Defendants' referral and rating systems to limit or otherwise influence customer access to service providers.

(FAC at 85).

The generic concept of "boycott" refers to a method of pressuring a party with whom one has a dispute by withholding, or enlisting others to withhold, patronage or services from the target. *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 541 (1978).   The Defendants argue, *inter alia*, that the Plaintiff's boycott claim must be dismissed because the Plaintiff has again failed to allege conduct that would constitute a concerted refusal to deal – the same reason the previous boycott claim was dismissed.   *See*, *e.g.*, Doc. 45 at 2.   At best, the Defendants argue, the Plaintiff has included in the First Amended Complaint some allegations that a particular insurer steered its insured from a shop operated by one of the Plaintiffs to a different shop that had a relationship with the insurer.   (Doc. 45 at 2).

The Court also notes that there are no allegations in the Second Amended Complaint that any Defendant (much less all of them) has ever refused to do business with the Plaintiff.   The Plaintiff does include an allegation that State Farm steered one of its insureds from the Plaintiff's shop to a shop on State Farm's "preferred provider plan".   (FAC at 57).   This is far from enough

to state a boycott claim, however, as the steering involved but a single Defendant, and there are no allegations that the steering occurred because the repair shop originally chosen by the insured was attempting to obtain a higher reimbursement rate or anything of that nature.

The Plaintiff has again failed to allege facts suggesting a concerted refusal to deal, as required to state a boycott claim under Section 1 of the Sherman Act.

### IV.    Conclusion

The Plaintiff has had multiple attempts to state an antitrust claim. Based upon a review of the pleadings in this and the other 20-odd consolidated cases – the vast majority of which share the same shortcomings – the Court finds that giving the Plaintiff another opportunity to state a claim would be an exercise in futility.   Accordingly, both antitrust claims will be dismissed with prejudice.   In consideration of the foregoing, it is hereby

**ORDERED** that the motions to dismiss (Doc. 37, 41, 42, 45) are **GRANTED** as to the antitrust claims, and Counts One and Two are **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 24, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 14 -